CHARLES S. CLUTE agt. LEWIS TICHENOR *et al.*

A supreme court commissioner's order staying proceedings in a cause, after it has been noticed for hearing, is a *nullity.* (97 *Rule;* 2 *Howard's Practice Reports,* 37.)

*February Term,* 1846.

MOTION by defendants to set aside report of referees, for irregularity.

This cause was noticed for hearing and served on the 19th of December last, for the 24th December. On the 23d December defendants' attorney* procured an order of [\*88] a supreme court commissioner upon an affidavit of the absence of a material witness and the loss of a certificate of sale; staying proceedings on the part of the plaintiff until a motion could be made to this court for a postponement of the hearing. On the 24th of December the respective parties and their attorneys appeared before the referees; after the referees

were sworn, defendants' attorney moved to have the hearing adjourned, on the ground of the absence of a witness, &c., and read an affidavit of defendant to that effect; which affidavit the referees decided insufficient. Defendants' attorney then served on plaintiff's attorney a copy of the order made by the supreme court commissioner, and a copy of the affidavit on which it was allowed. The defendant did not further appear in the cause, and the plaintiff proceeded to the hearing and took a report in his favor.

G. W. WEED, *defendants' counsel.*
D. J. PULLING, *defendants' attorney.*
JOHN YOUNG, *plaintiff's counsel.*
R. P. WISNER, *plaintiff's attorney.*

Plaintiff's counsel *cited* 27 *rule* of this court, and 2 *Howard's Practice Reports,* 37, *Lansing* agt. *Mickles.*

BRONSON, Chief Justice. Denied the motion with costs, on the ground that the commissioner's order was a nullity.